IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHWARTZ T.P. INC., | ) | |
| Plaintiff, | ) ) ) | Civil Action No. |
| v. | ) ) | |
| CHRISTOPHER A. MCCARTHY | ) ) ) | *Electronically Filed* |
| Defendant. | ) ) | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiff Schwartz T.P. Inc. ("Plaintiff" or "Schwartz"), by and through its undersigned counsel, moves for the Court to issue, following a hearing, a Preliminary Injunction and to grant the relief requested in the Plaintiff's Complaint until a full trial on the merits can take place. In support of its Motion, Schwartz incorporates by reference its Brief in Support of this Motion and its Complaint, and states as follows:

1.  Schwartz is a leading manufacturer and supplier of highly resistant engineering plastic solutions for a wide range of industrial fields.  Schwartz is a pioneer in its field in the development and production of specifically, custom technical plastics.

2.  Schwartz is involved in the research, development, engineering, construction and marketing of technical plastics.  Being involved in each stage from start to finish sets apart Schwartz as unique in its field and the confidentiality of its proprietary trade secrets is imperative to its continued success.

3. Defendant Christopher A. McCarthy ("McCarthy") was employed by Schwartz from June 8, 2009 until April 30, 2014. At the time of his resignation from Schwartz, McCarthy was the U.S. Sales Manager for all Schwartz's U.S. sales.

4. As a condition of his employment with Schwartz, McCarthy signed an Employment Agreement ("Agreement") on June 8, 2009.

5. Under the terms of the Agreement, McCarthy agreed, *inter alia*: (1) to protect and maintain the confidentiality of Schwartz's trade secrets and proprietary information; and (2) to refrain from soliciting Schwartz's customers and/or becoming employed with one of Schwartz's competitors for a period of two years following the termination of his employment.

6. By virtue of his employment with Schwartz, McCarthy has intimate knowledge regarding Schwartz's products and customer-specific information. Moreover, McCarthy had access to Schwartz's confidential information and trade secrets, including customer lists, Schwartz research material, password-protected internal databases where confidential and proprietary product research, testing and engineering material is kept, client-specific pricing strategies, buying history and trends, cost information, and prospective client information.

7. On approximately April 30, 2014, McCarthy abruptly resigned his employment from Schwartz, without notice, effective that same date.

8. McCarthy began working as a Regional Sales Manager for Timco, Inc. ("Timco"), Plaintiff's direct competitor, immediately after leaving Schwartz.

9. Since his resignation from Schwartz, McCarthy has used Schwartz's confidential information and trade secrets to solicit its customers on behalf of Timco.

10. McCarthy's actions, which are detailed further in the Complaint and accompanying Brief, constitute breaches of his contractual obligations owed to Schwartz, and violations of federal, state and common law.

11. Schwartz has a high probability of success on the merits under the causes of action identified in the Complaint.

12. Schwartz will suffer irreparable harm unless the Court enjoins McCarthy from continuing his unlawful behavior. Specifically, Schwartz has suffered, and will continue to suffer, substantial harm to its business reputation, as well as the loss of its valued customers, goodwill, trade secrets, and other confidential business information.

13. Schwartz has no adequate remedy at law, as the harm alleged by Schwartz cannot be fully compensated by money damages.

14. The balance of the possible harm and the public interest favor Schwartz because denial of such relief will inflict greater injury on Schwartz than the grant of such relief will inflict on McCarthy.

15. Pursuant to Federal Rule of Civil Procedure 65(c), Schwartz is prepared to offer security in an amount that the Court considers proper to pay the costs and damages sustained by McCarthy should the Court determine that he was wrongfully enjoined.

WHEREFORE, Schwartz asks that this Court, after a hearing, enter a preliminary injunction in the form of order attached hereto.

        Respectfully submitted,

        */s/ Theodore A. Schroeder*
        Theodore A. Schroeder (PA #80559)
        tschroeder@littler.com
        Jill M. Weimer (PA #207509)
        jweimer@littler.com
        **LITTLER MENDELSON, P.C.**
        625 Liberty Avenue, 26th Floor
        Pittsburgh, PA  15222
        Telephone: 412.201.7624/7632
        Facsimile: 412.774.1959

        Attorneys for Plaintiff
        Schwartz T. P. Inc.

Dated: July 29, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Motion for Preliminary Injunction was sent to a process server this 29th day of July 2014 for same day hand delivery upon the Defendant at the address listed below.

Christopher A. McCarthy
2309 Milstead Circle
Marietta, Georgia 30066

/s/ *Theodore A. Schroeder*
Theodore A. Schroeder