IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHWARTZ T.P. INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 14-1014 |
| ) | |
| CHRISTOPHER A. MCCARTHY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Christopher McCarthy's Motion to Stay Arbitration. Plaintiff Schwartz T.P. Inc. has filed a lawsuit against Defendant in this Court and has also filed a Demand for Arbitration with the American Arbitration Association ("AAA"). Defendant Christopher McCarthy's Motion to Stay Arbitration was based on his contention that McCarthy is entitled to a stay of the arbitration proceedings before the American Arbitration Association captioned Schwartz T.P., Inc. v. Christopher McCarthy, Case No. 01-14-0001-0831, until after such time as this Court determines that it has personal jurisdiction over him, that transfer of this matter to the United States District Court for the Northern District of Georgia is inappropriate, which state's law should apply to the Employment Agreement, and whether the arbitration forum selection clause in the Employment Agreement is enforceable.

This Court finds, for the reasons set forth in our Opinion denying Defendant's Motion to Dismiss, or in the Alternative, to Transfer, that we have personal jurisdiction over Defendant McCarthy, that transfer of this matter to the United States District Court for the Northern District of Georgia is not appropriate, and that Pennsylvania state law shall be applied to the interpretation of the Employment Agreement. Thus, the only issue that remains is whether the

arbitration forum selection clause in the Agreement is unreasonable under the facts of this case because "enforcing the forum selection clause would violate Georgia's strong public policy that restrictions purportedly impacting its citizens should be assessed under Georgia law, and would deprive McCarthy of his day in court." Defendant's Reply Brief in Support of Defendant's Motion to Stay Arbitration, pp. 5-6.

Forum selection clauses are *prima facie* valid and should be enforced unless the objecting party can show that the circumstances render enforcement unreasonable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907 (1972). A forum selection clause is unreasonable upon a "strong showing" that: (1) the forum selected is "so gravely difficult and inconvenient" that the party "will for all practical purposes be deprived of his day in court;" or (2) the clause was procured through "fraud or overreaching." Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting M/S Bremen, 407 U.S. at 15, 18.) A forum selection clause should also be deemed unenforceable if enforcement would run counter to a strong public policy of the forum where the lawsuit was brought. M/S Bremen, 407 U.S. at 15.

Here, the forum selected for the arbitration, Philadelphia, Pennsylvania, is not "so gravely difficult and inconvenient" that Mr. McCarthy "will for all practical purposes be deprived of his day in court," there is no suggestion that the clause was procured through "fraud or overreaching," and enforcement of the forum selection clause would not run counter to a strong public policy of the forum where the lawsuit was brought, i.e. Pennsylvania. For these reasons, Defendant Christopher McCarthy's Motion to Stay Arbitration will for denied. An appropriate Order follows:

2

## **ORDER**

AND NOW, this **28th** day of April, 2015, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Christopher McCarthy's Motion to Stay Arbitration is DENIED.

*/s/ Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge